UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ARICELYS T.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 21–cv–11833–ESK

OPINION

**KIEL, U.S.D.J.**

    **THIS MATTER** is before the Court on plaintiff Aricelys T.'s appeal (ECF No. 1; ECF No. 7) from the final decision of the Commissioner of the Social Security Administration denying plaintiff's application for Social Security Disability Insurance Benefits (ECF No. 9–2 pp. 5–19).  For the following reasons, the Commissioner's decision will be **AFFIRMED**.

    **I.**    **BACKGROUND**

    Because the record is voluminous, I set forth only those facts that are necessary for context and are relevant to the issues on appeal.

    On June 22, 2018, plaintiff filed an application for benefits, alleging disability on multiple impairments, including "fibromyalgia, back injury, memory loss, depression, and high cholesterol."  (*Id.* p. 19; ECF No. 9–3 p. 51.) The application was denied initially on December 3, 2018 and on reconsideration on July 31, 2019.  (ECF No. 9–3 p. 46.)  On June 25, 2020, an

---

[1] Due to the significant privacy concerns in Social Security cases, any nongovernmental party will be identified and referenced solely by first name and last initial in opinions issued in the United States District Court for the District of New Jersey.  *See* D.N.J. Standing Order 2021-10.

Administrative Law Judge (ALJ) held a hearing at which plaintiff and a vocational expert testified. (*Id.*) On October 27, 2020, the ALJ issued a decision unfavorable to plaintiff. (*Id.* pp. 46–78.) While the Appeals Council denied plaintiff's request for review on March 24, 2021 (ECF No. 9–2 pp. 63–65), plaintiff appealed the decision to this Court (*see* ECF No. 9–3 pp. 69, 70). On October 4, 2021, this Court vacated the October 27, 2020 decision upon consent of the parties "due to irregularities in the hearing recording process" and remanded the case. (*Id.*) On May 2, 2023, the ALJ held another hearing. (ECF No. 9–2 pp. 49–74.) In a decision dated June 8, 2023, the ALJ again concluded that plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* pp. 9–19.) On September 14, 2023, the Appeals Council denied plaintiff's request for review, making the June 2023 decision the final decision. (*See* ECF No. 7.) On February 5, 2024, the Court granted the Commissioner's motion to reopen and reinstate this case. (*Id.*; ECF No. 8.)

## II. LEGAL STANDARD

A reviewing court may enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Factual findings, "if supported by substantial evidence, shall be conclusive." *Id.*; *see also Appau v. Comm'r Soc. Sec.*, 847 F. App'x 149, 151 (3d Cir. 2021) ("Like the District Court, we must uphold a final agency determination unless we find that it is not supported by substantial evidence in the record." (quoting *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005))). Review of an ALJ's decision "is highly deferential" and "[t]he substantial-evidence threshold 'is not high.'" *Sisco v. Comm'r Soc. Sec.*, 840 F. App'x 685, 687 (3d Cir. 2020) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)). "Substantial evidence 'means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."'" *Id.* (quoting *Biestek*, 587 U.S. at 103).

Courts are bound by an ALJ's findings so long as they are supported by substantial evidence even if the court would have decided the matter differently. *See Taylor v. Comm'r of Soc. Sec.*, 826 F. App'x 224, 226 (3d Cir. 2020).

An ALJ must sufficiently develop the record and explain findings in order to permit meaningful review when the decision is read as a whole. *Cosme v. Comm'r Soc. Sec.*, 845 F. App'x 128, 132 (3d Cir. 2021). In so doing, an ALJ need not use any particular language or format. *Id.* Though there is deference afforded to the ALJ's evaluation of evidence, witnesses, and expert opinions, "remand is necessary 'where we cannot ascertain whether the ALJ truly considered competing evidence, and whether a [plaintiff's] conditions, individually and collectively, impacted' his ability to work." *Grier v. Comm'r Soc. Sec.*, 822 F. App'x 166, 170 (3d Cir. 2020) (quoting *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 506 (3d Cir. 2009)).

### III. DISCUSSION

Plaintiff argues that the ALJ's determination should be reversed and remanded because the ALJ gave improper weight to the opinion of Verina Girgis, M.A. (ECF No. 13 (Mov. Br.) pp. 13–21.) The Commissioner opposes, arguing that the ALJ's decision is supported by substantial evidence. (ECF No. 14.) In further support of her position, plaintiff filed a reply brief. (ECF No. 16.)

For claims, such as this one, filed after March 27, 2017, ALJ must assess the persuasiveness of the medical opinions and prior administrative findings based on the five factors enumerated in 20 C.F.R. § 404.1520c. *Lynch v. Comm'r Soc. Sec.*, Case No. 23–1982, 2024 WL 2237961, at *2 (3d Cir. May 17, 2024). Those factors are: (1) supportability; (2) consistency; (3) relationship with the plaintiff; (4) specialization; and (5) other factors. 20 C.F.R. § 404.1520c(c). Supportability and consistency are the two most important

factors when assessing persuasiveness. 20 C.F.R. § 404.1520c(a). For supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). Likewise, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).

An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), [] including those from [the plaintiff's own] medical sources." 20 C.F.R. § 404.1520c(a). Instead the ALJ must articulate how they considered supportability and consistency when determining the persuasiveness of each medical opinion. *Id.*; *Lynch*, 2024 WL 2237961, at *2. As stated above, an ALJ's decision, when read as whole, must demonstrate that the appropriate factors were considered and the record must be sufficiently developed—and the findings must be sufficiently explained—to allow for meaningful review. *Id.* However, while "an ALJ must clearly set forth the reason for his [or her] decision" and "provide a 'discussion of the evidence,'" there are no "magic" words the ALJ must use. *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009) (first quoting *Burnett v. Comm's of Soc. Sec.*, 220 F.3d 112, 120 (3d Cir. 2000) (second quoting *Jones*, 364 F.3d at 505).

Here, the ALJ considered the opinion of Dr. Girgis by finding:

> On February 10, 2023, [Dr. Girgis] provided an assessment. [Plaintiff] could sit for less than two hours. She could stand and walk for less than two hours. She could frequently lift and carry less than ten pounds. She could occasionally twist, stoop, and bend. She could

4

> rarely crouch, squat, and climb stairs. She could frequently look down, turn the head to the left or right, and look up. She could rarely hold her head in a statis position. She could never grasp, turn, or twist objects. She could rarely perform fine manipulation. She could frequently reach. She would not need to be off-task during the workday. These assessments are not supported with explanation or with objective findings. Overall, the assessment is not consistent with the record and is not persuasive.

(ECF No. 9–2 p. 17 (citing ECF No. 9–10 pp. 71–74).) Plaintiff asserts that while the ALJ found that Dr. Girgis's opinion was "not consistent with the record," the ALJ's "conclusory statement" did not "create a logical bridge between the evidence and his conclusions that would allow for meaningful review." (Mov. Br. pp. 16, 19.) Plaintiff cites to her medical record, which she argues demonstrates that Dr. Girgis's opinion is "consistent with [her] history of fibromyalgia as well as lumbar and cervical degeneration." (*Id.* p. 17.)

    I find that the ALJ provided reasons that sufficiently address the required regulatory factors. (*See* ECF No. 9–2 pp. 5–19.) For example, the ALJ explained that while plaintiff has limitations that restrict her to sedentary work, plaintiff's "objective results and testing did not support greater limits than those [otherwise] noted." (*Id.* p. 17.) Dr. Girgis had checked off, without citing to any diagnostic findings, on a medical form that plaintiff could sit at one time for 10 minutes and stand, with the assistance of her cane, at one time for less than five minutes. (*Id.* p. 17; ECF No. 9–10 p. 71.) *See* 20 C.F.R. § 1520c(c)(2). However, in evaluating and summarizing plaintiff's other medical records, the ALJ noted that while Dr. A.M. Pirone and Dr. Sabahat Bokhari, among others, did not prescribe limitations, he found these opinions to be unpersuasive and believed that the evidence supported greater limitations than those these doctors opined. (ECF No. 9–2 pp. 16, 17.) In making these points and citing to the record, the ALJ sufficiently addressed the consistency and

supportability factors.  *See Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (explaining that when determining whether the ALJ considered the appropriate factors, ALJ decisions may be "read as a whole").   Review of the ALJ's decision and analysis of plaintiff's medical records demonstrates that substantial evidence supports the ALJ's findings as to Dr. Girgis's opinion.  I am not convinced that greater reasoning by the ALJ would have changed the outcome of the ALJ's decision.  *Gonzalez v. Comm'r of Soc. Sec.*, No. 14-810, 2016 WL 1306012, at *5 (D.N.J. Apr. 4, 2016) (noting that the burden of showing harmfulness is generally on the party attacking the agency's determination).

### IV.   CONCLUSION

For the reasons stated above, the Commissioner's decision denying plaintiff's application for benefits is **AFFIRMED**.

       */s/ Edward S. Kiel*
       **EDWARD S. KIEL**
       **UNITED STATES DISTRICT JUDGE**

Dated:  January 30, 2025